# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

KEITH ORI,
on behalf of himself and all others similarly situated,

       Plaintiff,

v.                                    No._____

FIFTH THIRD BANK and
FISERV, INC.,

       Defendants.

## CLASS ACTION COMPLAINT

Plaintiff, by and through his attorneys, brings this civil action for damages on his behalf and on behalf of all others similarly situated. For his Class Action Complaint ("Complaint") against Defendants, Plaintiff, upon personal knowledge as to his own acts and status, and upon information and belief as to all other matters, alleges the following:

## NATURE OF THE ACTION

1. This action arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by Defendants in causing documents regarding current mortgages to be sent to major consumer reporting agencies that treated said mortgages as delinquent and produced negative credit reports for the mortgagors whose information was so transmitted.

## JURISDICTION AND VENUE

2. This Complaint is filed under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, to recover damages sustained by Plaintiff and all others similarly situated for violations of FCRA, 15 U.S.C. § 1681 *et seq.*, and to recover the costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated sustained as a result of Defendants' violations of those laws.

3. The Court has jurisdiction over the federal claim under 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391, because Defendants reside, transact business, or are found within this District, and a substantial part of the events giving rise to the claims arose in this District.

5. The activities of Defendants, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

## DEFINITIONS

6. As used herein, the term "Class Period" means the time period from the date at which the first incorrect mortgage payment history of any member of the putative Class herein was disclosed by either of Defendants, to the date of trial of this lawsuit.

## THE PARTIES

*Plaintiff*

*7.* Keith Ori is domiciled in Orlando, Florida, and obtained a mortgage from R-G Crown Bank, which was acquired by Defendant Fifth Third Bank. Plaintiff Ori was damaged by the acts alleged in this Complaint.

*Defendants*

8. Defendant Fifth Third Bank is an FDIC insured financial institution organized under the laws of Ohio, with its principal place of business at 1404 East Ninth Street, Cleveland, Ohio 44114. During the time period covered by this Complaint, Defendant Fifth Third Bank has been or was the mortgagee or mortgage-holder on home loans for the Plaintiff and for all others similarly situated.

9. Defendant Fiserv, Inc. is a business entity organized under the laws of Wisconsin,

with its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin 53045. During the time period covered by the Complaint, Defendant Fiserv, Inc., pursuant to agreement with Defendant Fifth Thid Bank, transmitted Defendant Fifth Third Bank's active mortgage documents and documents related to current mortgages to major consumer reporting agencies.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class ("the Class") composed of and defined as follows:

> All persons and entities whose mortgage with Fifth Third Bank was reported by Fiserv, Inc. to one or more consumer reporting agencies as in arrears or default when in fact it was current and not in default.
>
> Specifically excluded from this Class are Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant.
>
> Also excluded are all federal, state, and local governmental entities.

11. Based upon the nature of the occurrence and trade and commerce involved, Plaintiff believes the total number of Class members is sufficiently numerous such that joinder of all Class members would be impracticable.

12. Numerous questions of law or fact that arise from Defendants' violations of FCRA, 15 U.S.C. § 1681 *et seq*., are common to the putative Class. Among the questions of law or fact common to the Class are:

   a. whether Defendants violated FCRA by allowing and/or causing documents relating to current mortgages to be transmitted to major consumer reporting agencies;

   b. whether the conduct of Defendants caused decreases in the credit scores of the Plaintiff; and

      c.      whether Plaintiff and the other members of the Class were injured by the conduct of Defendants and, if so, the appropriate class-wide measure of damages.

13. These common questions of law or fact are common to the class, and predominate over any other questions affecting only individual class members.

14. Plaintiff asserts claims typical of those of the individual members of the proposed Class. Plaintiff has no interest antagonistic to those of the Class.

15. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and have no interests antagonistic to the Class. Plaintiff has suffered the same harm as the members of the Class and have, and will continue to, zealously pursue claims against Defendants. Plaintiff has retained counsel who are competent and experienced in the prosecution of class actions.

16. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct. Thus, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Moreover, even if the Class members themselves could afford such individual litigation, the judicial system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the judicial system due to the complex legal and factual issues presented by this case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## NATURE OF TRADE AND COMMERCE

17. Throughout the period of time covered by this Complaint, Defendant Fifth Third Bank has engaged in the business of mortgage lending.

18. Defendant Fifth Third Bank utilized the services of Defendant Fiserv, Inc. to transmit mortgage documents to major consumer reporting agencies

19. Throughout the period of time covered by the Complaint, Defendant Fiserv, Inc. has engaged in the business of providing integrated information management systems and services, including transaction processing, business process outsourcing, document distribution services, and software and systems solutions. Defendant Fiserv, Inc. serves clients worldwide, such as banks, credit unions, financial planners and investment advisers, insurance companies and agents, self-insured employers, leasing companies, lenders, savings institutions, retailers and merchants, universities, government bodies, not-for-profit organizations and industrial companies. In addition, Defendant Fiserv, Inc., operates centers in the United States for full-service financial data processing, software system development, item processing and check imaging, technology support and related product businesses. Defendant Fiserv, Inc.'s operations are principally located in the United States, and in 2006, Fiserv, Inc.'s international operations contributed approximately 3% of total revenues through business support centers in Argentina, Australia, Canada, China, Colombia, Costa Rica, India, Indonesia, Malaysia, Mexico, the Philippines, Puerto Rico, Poland, Singapore, and the United Kingdom.

## DEFENDANTS' ILLEGAL CONDUCT

20. Throughout the period of time covered by this Complaint, Defendant Fifth Third Bank allowed documents relating to mortgages that were not delinquent ("current mortgages") to be sent to major consumer reporting agencies, in violation of FCRA, 15 U.S.C. § 1681 *et sec*.

21. The consumer reporting agencies, including Experian, treated the mortgage

documents as delinquent. As a result, the consumer reporting agencies produced negative credit reports for Defendant Fifth Third Bank's mortgagors whose information was so transmitted.

22. Consequences of Defendant Fifth Third Bank's allowing documents relating to current mortgages to be sent to major consumer reporting agencies include, but are not limited to, the issuance of inaccurate credit reports, which caused damages to Plaintiff and all others similarly situated. The harm is both immediate and continuing.

23. Throughout the period of time covered by this Complaint, Defendant Fiserv, Inc., served as an outsourced-services vendor for Defendant Fifth Third Bank, and Fiserv, Inc. transmitted Fifth Third Bank's documents relating to current mortgages to major consumer reporting agencies, in violation of FCRA, 15 U.S.C. § 1681 *et sec*.

24. Consequences of Defendant Fiserv Inc.'s transmittal of documents relating to current mortgages to major consumer reporting agencies include, but are not limited to, the issuance of inaccurate credit reports, which caused and is causing damages to Plaintiff and all others similarly situated.

25. Defendants' violations of FCRA specifically, but not exclusively, resulted in damages to Plaintiff's and the other members of the Class, such as decrease in credit scores and loss of financing, investment and business opportunities.

## COUNT I

## INTENTIONAL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is a claim for violation of the Fair Credit Reporting Act ("FCRA").

28. FCRA was created to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the

confidentiality, accuracy, relevancy, and proper utilization of such information." *See* 15 U.S.C. § 1681 *et sec*.

29. Congress made findings when enacting FCRA, including that "[t]he banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

30. A "financial institution" is defined by FCRA as "a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 461(b) of Title 12) belonging to a consumer." 15 U.S.C. § 1681(t).

31. Under FCRA, "a consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b. 15 U.S.C. § 1681a(d)(1).

32. Under FCRA, a furnisher of information to a consumer reporting agency has a duty to correct and update information. Specifically, a person who "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer" and "has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that

information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." 15 U.S.C. § 1681s-2.

33. Further, a "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

34. Plaintiff and the other Class members are "consumers" or "persons," as defined and construed under FCRA (15 U.S.C. §§ 1681a(b) & (c)).

35. Defendants willfully failed to comply with 15 U.S.C. § 1681 *et seq*.

36. Defendants' conduct violated FCRA and Plaintiff and the other Class members have been damaged by Defendants' willful actions.

37. As a result of Defendants' willful conduct, Plaintiff and all others similarly situated are entitled to actual damages sustained or statutory damages of not less than $100 and not more than $1,000, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually on behalf of himself, and all others similarly situated, respectfully asks this Court to enter an Order:

(a) certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as class counsel;

(b) finding that Defendants willfully violated FCRA, 15 U.S.C. § 1681 *et seq*.;

(c) requiring Defendants to pay actual damages sustained or statutory damages of not less than $100 and not more than $1,000 for each Class member;

(d) requiring Defendants to pay Plaintiff and the other members of the Class reasonable attorneys' fees and costs of litigation; and

(e) providing for such other legal and equitable relief as justice requires.

## COUNT II

## NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

38. Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein.

39. This is a claim for negligent violation of the Fair Credit Reporting Act ("FCRA").

40. FCRA was created to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *See* 15 U.S.C. § 1681 *et sec*.

41. Congress made findings when enacting FCRA, including that "[t]he banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

42. A "financial institution" is defined by FCRA as "a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 461(b) of Title 12) belonging to a consumer." 15 U.S.C. § 1681(t).

43. Under FCRA, "a consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness,

credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b. 15 U.S.C. § 1681a(d)(1).

44. Under FCRA, a furnisher of information to a consumer reporting agency has a duty to correct and update information. Specifically, a person who "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer" and "has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." 15 U.S.C. § 1681s-2.

45. Further, a "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

46. Plaintiff and the other Class members are "consumers" or "persons," as defined and construed under FCRA (15 U.S.C. §§ 1681a(b) & (c)).

47. Defendants' negligence in failing to comply with FCRA, 15 U.S.C. § 1681 *et seq.*, caused damages to the Plaintiff and Class Members.

10

Case 2:08-cv-00432-LA    Filed 05/16/08    Page 10 of 12    Document 1

48. As a result of Defendants' negligent non-compliance, Plaintiff and the other members of the Class are entitled to actual damages to be proven at trial, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681o.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually on behalf of himself, and all others similarly situated, respectfully asks this Court to enter an Order:

(a) certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as Class Counsel;

(b) finding that Defendants violated FCRA, 15 U.S.C. § 1681 *et seq.*;

(c) requiring Defendants to pay damages;

(d) requiring Defendants to pay Plaintiff and Class Members reasonable attorneys' fees and costs of litigation; and

(e) providing for such other legal and equitable relief as justice requires.

### **JURY DEMAND**

Plaintiffs demand a trial by a jury of twelve (12).

Dated: May 16, 2008

Respectfully submitted,

s/John F. Maloney (SBN 1015108)
Mark A. Peterson (SBN 1016259)
McNally, Maloney & Peterson, S.C.
2600 North Mayfair Road, Suite 1080
Milwaukee, WI 53226
Phone: (414) 257-3399
Facsimile: (414)257-3223
E-mail: jmaloney@mmplaw.com

One of the Attorneys for Plaintiffs

| | |
|---|---|
| 1 | Of Counsel: |
| 2 | Ben Barnow |
| 3 | Barnow and Associates, P.C.<br>One North LaSalle, Suite 4600 |
| 4 | Chicago, Illinois 60602<br>Phone: (312) 621-2000 |
| 5 | |
| 6 | Michael L. Roberts<br>20 Rahling Circle |
| 7 | P.O. Box 241790<br>Little Rock, AR 72223 |
| 8 | Phone: (501) 821-5575 |
| 9 | Bryan K. McMinn |
| 10 | Long and Gonzalez<br>1051 Winderley Place, Suite 404 |
| 11 | Maitland, Florida 32751<br>Phone: (407) 475-0125 |