# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH ORI,**
        **Plaintiff,**

    v.                                                               **Case No. 08CV0432**

**FIFTH THIRD BANK,**
**and FISERV, INC.,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Keith Ori brings this putative class action against defendants Fifth Third Bank ("Fifth") and Fiserv, Inc. ("Fiserv"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Before me now are defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### I. STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). I construe the complaint in the light most favorable to plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must describe the claim in sufficient detail to give defendant "fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007), and it must plausibly suggest that plaintiff has a right to relief, raising that possibility above a "speculative level," id. at 1965; EEOC v.

Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). It is not sufficient for a complaint "to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . ." Tamayo, 526 F.3d at 1084 (citing Concentra Health Servs., Inc., 496 F.3d at 776) (citing Bell Atl. Corp., 127 S. Ct. at 1968-69).

Notice pleading remains the operative standard under which Rule 12(b)(6) motions are reviewed, and the requirement that the complaint plausibly suggest that plaintiff has a right to relief is applied flexibly "depend[ing] on the type of case" involved. Limestone Dev. Corp. v. Vill. of Lemont, Ill., 520 F.3d 797, 803-04 (7th Cir. 2008). In complex cases, where discovery is likely to be more costly than usual, it is appropriate for courts to require a relatively full set of factual allegations. Tamayo, 526 F.3d at 1083 (citing Limestone Dev. Corp., 520 F.3d at 803-04). The present case appears to be relatively complex and is likely to involve considerable discovery. Plaintiff seeks to represent a class consisting of an apparently large number of mortgagors who allege that they were harmed as the result of FCRA violations committed by defendants. Thus, it is reasonable to require plaintiff to provide a relatively full set of factual allegations in his complaint.

## II. PLAINTIFF'S ALLEGATIONS

As is relevant to the Rule 12(b)(6) motions, plaintiff alleges as follows:

> [Fifth] was the mortgagee or mortgage holder on home loans for the plaintiff (Compl. ¶ 8) . . . . [Fiserv] . . . pursuant to agreement with . . . [Fifth] transmitted . . . [Fifth's] active mortgage documents and documents related to current mortgages to major consumer reporting agencies [("CRAs")] (Id. ¶ 9). [Fiserv] . . . engaged in the business of providing integrated information management systems and services, including transaction processing, business process outsourcing, document distribution services and software and systems solutions (Id. ¶ 19) . . . . [Fifth] allowed documents relating to mortgages that were not delinquent ("current mortgages") to be sent to major [CRAs] (Id. ¶ 20) . . . . The [CRAs] . . . treated the mortgage documents as delinquent. As a result, the [CRAs] produced negative credit reports for

2

[Fifth's] mortgagors (Id. ¶ 21) . . . . [Fiserv] served as an outsourced-services vendor for [Fifth] . . . and transmitted [Fifth's] documents relating to current mortgages to major [CRAs] (Id. ¶ 23).

### III. RELEVANT PROVISIONS OF FCRA

One of the primary purposes of FCRA is to protect consumer privacy. Chi Chi Wu & Elizabeth DeArmond, Fair Credit Reporting, § 1.1.1 (6th ed. 2006). The statute primarily regulates CRAs and consumer reports, the definitions of which are interdependent. Id. § 2.3.2. The Act defines a CRA in part as an entity that "regularly engages . . . in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). It defines a consumer report in part as a "communication of . . . information by a [CRA] bearing on a consumer's credit worthiness . . . which is used or expected to be used . . . for the purpose of . . . establishing the consumer's eligibility for – credit . . . ." Id. § 1681a(d)(1)(A). Consumer reports do not include reports "containing information solely as to transactions or experiences between the consumer and the person making the report." Id. § 1681a(d)(2)(A)(i). A CRA must "follow reasonable procedures" to ensure the accuracy of its reports, id. § 1681e(b), and when a consumer disputes the accuracy of information in his file, must reinvestigate and possibly delete the disputed information, id. § 1681i(a)(5). A consumer may bring a civil action to enforce a CRA's breach of such duties. Id. §§ 1681n & o.

FCRA also imposes duties on entities that furnish information to CRAs ("furnishers"). Under § 1681s-2(a), furnishers may not knowingly provide inaccurate information to CRAs. However, only a governmental entity may enforce a furnisher's breach of such duty. Id. § 1681s-2(d). Section 1681s-2(b)(1)(A) provides that "after receiving notice pursuant to

3

§ 1681i(a)(2) . . . of a dispute with regard to the . . . accuracy of any information" that it provided to a CRA, a furnisher must "conduct an investigation with respect to the disputed information." Section 1681i(a)(2) requires the notice to the furnisher to come from the CRA and to "include all relevant information regarding the dispute that the [CRA] has received from the consumer." A consumer may bring an action to enforce the breach of a § 1681s-2(b) duty. Id. §§ 1681n & o.

## IV.  DISCUSSION

**A.     Plaintiff's Claim Against Fifth**

Fifth argues that plaintiff's claim against it fails because plaintiff alleges that it is a furnisher and only alleges the breach of a § 1681s-2(a) duty, which only the government can enforce.  Fifth further argues that even if plaintiff alleges the breach of a § 1681s-2(b) duty, his claim fails because plaintiff does not plausibly suggest either that he notified the CRA that he disputed the accuracy of information that it possessed or disseminated about him or that the CRA notified Fifth of the existence of a dispute.  Plaintiff concedes that Fifth is a furnisher, not a CRA.  He does so presumably because Fifth provided information only about its own experiences with him.  Plaintiff also concedes that only the government can enforce the breach of a § 1681s-2(a) duty.  However, he contends that his complaint plausibly suggests that he has a right to relief under § 1681s-2(b).

I agree with Fifth that plaintiff does not plausibly suggest that he has a right to relief under § 1681s-2(b). Plaintiff alleges nothing that plausibly suggests either that he provided notice to a CRA that he disputed the accuracy of information that it possessed or disseminated or that a CRA provided notice to Fifth of such a dispute.  See, e.g., Allmond

4

v. Bank of Am., No. 3:07-cv-186-J-33JRK, 2008 WL 205320, at *7 (M.D. Fla. Jan. 23, 2008) (dismissing § 1681s-2(b) claim where plaintiff failed to allege that he provided notice of a dispute to a CRA). Further, nothing in plaintiff's brief suggests that he could establish that either type of notification occurred. As previously stated, plaintiff cannot prevail on a § 1681s-2(b) claim unless he establishes that both notifications took place. Plaintiff's allegation that Fifth learned from a source other than a CRA that it disseminated erroneous information about his payment history does not plausibly suggest that he could prove that Fifth received notice pursuant to the statute. See, e.g., Beisel v. ABN Ambro Mortgage, Inc., Civil Action No. 07-2219, 2007 WL 2332494, at *1 (E.D. Pa. Aug. 10, 2007) (dismissing complaint where plaintiff alleged that notice to furnisher came from source other than CRA).

Plaintiff cites Lang v. TCF Nat'l Bank, 249 Fed. Appx. 464, 467 (7th Cir. Sep. 21, 2007), but there, the plaintiffs alleged that they had notified a CRA that they disputed the accuracy of credit information about them. The Seventh Circuit held only that having alleged such notice, the plaintiffs did not also have to allege that the CRA notified the furnisher, a matter about which they may have had no knowledge.

**B.     Plaintiff's Claim Against Fiserv**

Plaintiff argues that his allegations against Fiserv plausibly suggest that it is a CRA and that it failed to follow the procedures required of a CRA. He further argues that even if his allegations only support an inference that Fiserv is a furnisher, they plausibly suggest that it violated § 1681s-2(b). Fiserv disagrees with both assertions. Plaintiff's allegations concerning what Fiserv actually does are very sparse. I conclude that they are insufficient to plausibly suggest that plaintiff has a right to relief against it. First, the complaint does

5

not suggest that plaintiff can establish that Fiserv is a CRA. As stated, to establish that Fiserv is a CRA, plaintiff must show that it is in the business of "assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." Id. § 1681a(f). Plaintiff's allegations do not indicate either that Fiserv assembles or evaluates consumer credit information or, that if it does, it does so for the purpose of furnishing consumer reports.

I address first assembling or evaluating. To assemble means "to bring together (as in a particular place or for particular purpose)" or "to fit together the parts of . . . ." Merriam-Webster's Collegiate Dictionary 69 (10th ed. 1999), and to evaluate means "to determine or fix the value of," id. at 401. Plaintiff does not allege that Fiserv engages in either of these activities. Plaintiff alleges only that Fiserv "transmit[s]" documents relating to Fifth's mortgages to CRAs. To transmit means "to send or convey from one person or place to another," i.e., to forward. Id. at 1255. I cannot reasonably infer from Fiserv's having sent or conveyed Fifth's documents to CRAs that it assembled or evaluated consumer credit information. It is more reasonable to infer from plaintiff's allegations that Fiserv was a conduit which merely passed information about Fifth's mortgagors on to others. Obtaining and forwarding information does not make an entity a CRA. See DeGianni v. Stern's, 26 F.3d 346, 349 (2d Cir. 1994) (stating that "[a]ssembling and evaluating . . . 'implies a function which involves more than receipt and retransmission of information identifying a particular debt'") (quoting D'Angelo v. Wilmington Med. Ctr., Inc., 515 F. Supp. 1250, 1253 (D. Del. 1981)); see also Chi Chi Wu & Elizabeth DeArmond, supra, § 2.5.3.2.

Even assuming that plaintiff's allegations plausibly suggest that Fiserv assembles or evaluates consumer credit information, they do not plausibly suggest that it does so for

6

the purpose of furnishing consumer reports. A consumer report is a "communication of any information by a CRA bearing on a consumer's credit worthiness . . . which is used or expected to be used or collected . . . for the purpose of serving as a factor in establishing the consumer's eligibility for" credit, employment or related purposes. 15 U.S.C. § 1681a(d)(1). Plaintiff does not allege that Fiserv obtains information for the purpose of issuing reports of this type. Again, plaintiff alleges only that Fiserv transmits information to entities which do make such reports. Thus, plaintiff's allegations do not suggest that Fiserv is a CRA but rather that it is a furnisher. As a furnisher, it is not subject to the obligations that the FCRA imposes on CRAs. See D'Angelo, 515 F. Supp. at 1253 (stating that the FCRA is not directed to entities that supply information on individual debts to CRAs and which are remote from the decisionmakers who rely on consumer reports).

Finally, because plaintiff's allegations plausibly suggest only that Fiserv is a furnisher, plaintiff's claim against it fails for the same reasons that his claim against Fifth fails.

## III. CONCLUSION

For the reasons stated, I conclude that plaintiff's allegations are insufficient to plausibly suggest that he has a right to relief against either defendant, and I will therefore grant defendants' motions to dismiss. However, I cannot conclude that plaintiff's claims are futile. Therefore, I will grant him the right to file an amended complaint. If plaintiff wishes to file an amended pleading, he should do so by **April 10, 2009.**

Therefore,

**IT IS ORDERED** that defendants' motions to dismiss are **GRANTED**.

7

**IT IS FURTHER ORDERED** that, should plaintiff wish to file an amended complaint, such amended complaint shall be filed on or before **April 10, 2009**.

Dated at Milwaukee, Wisconsin this 19 day of March, 2009.

                                              /s
                                              LYNN ADELMAN
                                              District Judge