UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH ORI, on behalf of himself and all others
similarly situated,

      Plaintiff,

      v.

FIFTH THIRD BANK and FISERV, INC.,

      Defendants.

Case No. 08-CV-00432-LA

**ORDER OF PRELIMINARY APPROVAL, APPROVAL OF NOTICE PLAN, AND SCHEDULING OF FINAL FAIRNESS HEARING**

The above-captioned matter having come on to be heard on the Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement and Notice Plan, and for Setting of a Final Fairness Hearing, filed by Keith Ori individually and on behalf of the Settlement Class (as defined below), by and through Proposed Co-Lead Class Counsel Ben Barnow, Barnow and Associates, P.C., and Michael L. Roberts, Roberts Law Firm, requesting the Court enter an Order: (1) finding that the Settlement Agreement, filed with the Court on August 12, 2011, is within the range of fair, reasonable, and adequate, and in the best interest of the Settlement Class; (2) approving the plan set forth in the Settlement Agreement for notice to Settlement Class members; (3) appointing AB Data, Ltd. as Notice Administrator and Claims Administrator; (4) certifying, pursuant to Fed. R. Civ. P. 23 the Settlement Class for settlement purposes only; (5) appointing Keith Ori as Representative Plaintiff; (6) appointing Ben Barnow, Barnow and Associates, P.C., and Michael L. Roberts, Roberts Law Firm, as Co-Lead Settlement Class Counsel; (7) appointing Ben Barnow, Barnow and Associates, P.C., Michael L. Roberts,

Roberts Law Firm, Shpetim Ademi, Ademi & O'Reilly, LLP, and Lance Harke, P.A., Harke Clasby & Bushman LLP, as the Class Counsel Committee; and (8) scheduling a Final Fairness Hearing to consider final approval of the settlement.

Having reviewed and considered the Settlement Agreement, the Motion for Preliminary Approval of the Settlement, and having heard and considered the arguments of counsel, the Court makes the findings and grants the relief set forth below, preliminarily approving the Settlement Agreement upon the terms and conditions set forth herein. Terms and phrases in this Order shall have the same meaning as set forth in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Having made the findings set forth below, the Court hereby certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Settlement Class is defined as:

> All persons residing in the United States who, as of November 3, 2007, had a closed, inactive mortgage loan from R-G Crown Bank and whose closed, inactive mortgage loan was reported as active to Consumer Credit Reporting Agencies by Fiserv and/or Fifth Third Bank on November 10, 2007, or who otherwise were advised during January 2008 or February 2008 by a letter from Fifth Third Bank, that information about their mortgage loan had been incorrectly reported to Consumer Credit Reporting Agencies.

Excluded from the Settlement Class are Fifth Third Bank, any parent, subsidiary, affiliate or sister company of Fifth Third Bank, and all officers, directors and employees of Fifth Third Bank, or any parent, subsidiary, affiliate or sister company, and the legal representatives, heirs, successors, and assigns of any of the foregoing. Also excluded from the Settlement Class are Fiserv, Inc., any parent, subsidiary, affiliate or sister company of Fiserv, Inc., and all officers, directors and employees of Fiserv, Inc., or any parent, subsidiary, affiliate or sister company, and the legal representatives, heirs, successors, and assigns of any of the foregoing. Also excluded

from the Settlement Class are R-G Crown Bank, any parent, subsidiary, affiliate or sister company of R-G Crown Bank, and all officers, directors and employees of R-G Crown Bank, or any parent, subsidiary, affiliate or sister company, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Settlement Agreement is excluded from the Settlement Class. Also excluded from the Settlement Class is any person who timely submits a valid request to be excluded from this Settlement.

As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement Agreement, or if the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2. The Settlement Class is so numerous that joinder of all members is impracticable.

3. The Court finds, based on the terms of the settlement described in the Settlement Agreement, that:

    a. There are questions of law and fact common to the Settlement Class;

    b. The claims of Representative Plaintiff are typical of the claims of members of the Settlement Class;

    c. Representative Plaintiff and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between Representative Plaintiff and members of the Settlement Class;

        d.        Questions of law and fact common to Settlement Class members predominate over any questions affecting only individual members of the Settlement Class; and

        e.        Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

4.        Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Fed. R. Civ. P. 23.

5.        The Court preliminarily approves the settlement set forth in the Settlement Agreement as being within the range of fair, reasonable, and adequate, within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing set below.

6.        The Court appoints Ben Barnow, Barnow and Associates, P.C., and Michael L. Roberts, Roberts Law Firm, as Co-Lead Settlement Class Counsel.

7.        The Court appoints Ben Barnow, Barnow and Associates, P.C., Michael L. Roberts, Roberts Law Firm, Shpetim Ademi, Ademi & O'Reilly, LLP, and Lance Harke, P.A., Harke Clasby & Bushman LLP, as the Class Counsel Committee.

8.        The Court appoints Keith Ori as Representative Plaintiff.

9.        A Final Fairness Hearing shall be held before this Court on January 10, 2012 at 1:30 p.m. in Courtroom 390 of the United States District Court for the Eastern District of Wisconsin to determine: (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Judgment Order, as provided for in the Settlement Agreement, should be entered, granting final approval of the settlement; and (c) whether, and in what amount, attorneys' fees, costs, expenses, and an

incentive award should be paid to Co-Lead Settlement Class Counsel for distribution. The Court may adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

10. The Court approves the plan, in form and content, for giving notice to Settlement Class Members, as set forth in Paragraphs 15 and 16 of the Settlement Agreement (the "Notice Plan").

11. The Court approves and appoints AB Data, Ltd. as Notice Administrator and as Claims Administrator, as set forth in the Settlement Agreement.

12. Defendants shall comply with their obligation to give notice to appropriate State and Federal officials under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement and shall notify Co-Lead Settlement Class Counsel of their compliance.

13. As soon as practicable, notice shall be issued in accordance with the Notice Plan.

14. The Court finds that compliance with the Notice Plan is the best notice practicable under the circumstances, constitutes due and sufficient notice of this Order to all persons entitled thereto, and is in full compliance with Fed. R. Civ. P. 23, applicable law, and due process.

15. Prior to the Final Fairness Hearing, the Settling Parties shall cause to be filed with the Court an appropriate declaration with respect to compliance with the Notice Plan.

16. To be excluded from the settlement a Settlement Class Member must individually sign and timely submit written notice clearly manifesting his or her intent to:

> ORI V. FIFTH THIRD BANK AND FISERV, INC.
> CLAIMS ADMINISTRATOR
> EXCLUSIONS
> C/O A.B. DATA, LTD.
> P.O. BOX 170500
> MILWAUKEE, WI 53217-8042

The written notice must refer to *Ori v. Fifth Third Bank and Fiserv, Inc.* and must list the account number(s) of the mortgage loan(s) purportedly affected by the conduct alleged in the Action. In addition, the written notice must include: (i) the full name and current address of the Settlement Class Member seeking exclusion, (ii) a statement that the Settlement Class Member seeking exclusion satisfies the criteria for being a Settlement Class Member; (iii) a statement of intention to be excluded from the Settlement Class; and (4) the signature of the Settlement Class Member seeking exclusion. To be effective, the written notice must be postmarked at least twenty-one days prior to the date set forth in the Notice for the Final Fairness Hearing.

17. All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the Judgment Order entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement. All persons who submit a valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits from, nor be bound by the terms of, the Settlement Agreement.

18. Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement shall do so in accordance with the requirements and procedures of the Settlement Agreement. All Settlement Class Members who qualify for any benefit under the Settlement Agreement but fail to submit a claim therefore under the requirements and procedures

of the Settlement Agreement shall be forever barred from receiving any benefit, but will in all other respects be subject to and bound by the Settlement Agreement and the releases contained therein.

19. To object to the settlement, a Settlement Class Member must timely file a written statement of objection with the Court. The written statement of objection must set forth: (i) the full title of the Action, *Ori v. Fifth Third Bank and Fiserv, Inc.*; (ii) the objector's full name, address, and telephone number, (iii) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to appear personally and/or testify at the Final Fairness Hearing; (viii) a list of any other objections filed in any other judicial proceedings by the objector during the five (5) years prior to the date the objection was filed with the Court; (ix) a list of all other objections filed by the objector's counsel during the five (5) years prior to the date the objection was filed with the Court; and (x) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representations). To be timely, a written statement of objection in appropriate form must be filed with the Clerk of the United States District Court for the Eastern District of Wisconsin no later than twenty-one (21) days prior to the date set forth in the Notice for the Final Fairness Hearing, and also mailed to: (i) Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, Illinois 60602; and (ii) William H. Levit, Jr., Godfrey & Kahn, S.C., Suite 1200, 780 North Water Street, Milwaukee, Wisconsin 53202.

20. All discovery and pretrial proceedings in the Action, other than confirmatory discovery provided for in the Settlement Agreement, are stayed and suspended until further order of the Court.

21. Pending the final determination of the fairness, reasonableness, and adequacy of the settlement, no Settlement Class Member, directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the claims released under the Settlement Agreement in any action or proceeding in any court, administrative agency, or other tribunal.

22. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be, or may be used as an admission or evidence of, the validity or lack thereof of any claim addressed by the Settlement Agreement, or of any wrongdoing or liability by Fiserv, Inc. or Fifth Third Bank; or (ii) is or may be deemed to be, or may be used as an admission or evidence of, any fault or omission of Fiserv, Inc. or Fifth Third Bank in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

23. In the event the Court does not grant final approval of the Settlement Agreement or the Settlement Agreement is terminated in accordance with its terms, the Settling Parties shall be restored to their respective positions in the litigation, except that all scheduled deadlines in the Action shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant. In such event, the Settlement Agreement shall have no further force or effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of, or in furtherance of, the Settlement Agreement shall be treated as vacated *nunc pro tunc.*

8

SO ORDERED.

Dated: August 23, 2011.            s/_____
                                   Hon. Lynn Adelman
                                   United States District Court Judge