UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH ORI, on behalf of himself and all others
similarly situated,

      Plaintiff,

      v.

FIFTH THIRD BANK and FISERV, INC.,

      Defendants.

Case No. 08-CV-00432-LA

## ORDER OF JUDGMENT

WHEREAS, Representative Plaintiff Keith Ori and the Defendants Fiserv, Inc. and Fifth Third Bank (collectively, "Defendants") entered into a Settlement Agreement dated August 11, 2011 (the "Settlement Agreement");

WHEREAS, on August 23, 2011, the Court entered an Order (the "Preliminary Approval Order") that, among other things: (a) certified a Settlement Class pursuant to Fed. R. Civ. P. 23, for settlement purposes only; (b) approved the form of notice to Settlement Class Members and directed that appropriate notice of the settlement be given to the Settlement Class; and (c) set a Final Fairness Hearing for final approval of the settlement;

WHEREAS, the notice to the Settlement Class ordered by the Court was given, as attested in the Declaration of Stacey B. Fishbein, filed with the Court on December 22, 2011;

WHEREAS, on January 10, 2012, a Final Fairness Hearing was held to determine whether the settlement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing being held a due and appropriate number of days after such notice to the

Settlement Class and the requisite number of days after notice to appropriate State and Federal officials, as required by law;

NOW THEREFORE, having reviewed and considered submissions presented with respect to the settlement and the record in these proceedings, and having heard and considered the evidence presented by the parties and the arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Court incorporates by reference the definitions of terms and phrases set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and all claims asserted therein.

3. The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Fed. R. Civ. P. 23 and the Preliminary Approval Order, the following persons are members of the Settlement Class:

> All persons residing in the United States who, as of November 3, 2007, had a closed, inactive mortgage loan from R-G Crown Bank and whose closed, inactive mortgage loan was reported as active to Consumer Credit Reporting Agencies by Fiserv and/or Fifth Third Bank on November 10, 2007, or who otherwise were advised during January 2008 or February 2008 by a letter from Fifth Third Bank, that information about their mortgage loan had been incorrectly reported to Consumer Credit Reporting Agencies.

Excluded from the Settlement Class are Fifth Third Bank, any parent, subsidiary, affiliate or sister company of Fifth Third Bank, and all officers, directors and employees of Fifth Third Bank, or any parent, subsidiary, affiliate or sister company, and the legal representatives, heirs, successors, and assigns of any of the foregoing. Also excluded from the Settlement Class are Fiserv, Inc., any parent, subsidiary, affiliate or sister company of Fiserv, Inc., and all officers, directors and employees of Fiserv, Inc., or any parent, subsidiary, affiliate or sister company, and the legal representatives, heirs, successors, and assigns of any of the foregoing. Also excluded from the Settlement Class are R-G Crown Bank, any parent, subsidiary, affiliate or sister company of R-G Crown Bank, and all officers, directors and employees of R-G Crown Bank, or any parent, subsidiary, affiliate or sister company, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Settlement Agreement is excluded from the Settlement Class. Also excluded from the Settlement Class are those persons identified in Exhibit A, attached hereto, who timely submitted valid requests to be excluded from the Settlement Class ("Opt-Outs").  Opt-Outs shall neither receive any benefits from, nor be bound by the terms of, the Settlement Agreement and this Judgment Order.

5.	Representative Plaintiff and Co-Lead Settlement Class Counsel fairly and adequately represented the interests of the Settlement Class in connection with the settlement.

6.	All objections to the settlement having been considered and having been found either to be mooted by the Settlement Agreement or not supported by credible evidence, the settlement is in all respects fair, adequate, reasonable, and in the best interests of the Settlement Class, and is hereby approved.

7. Representative Plaintiff, Defendants, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth, and shall have the full force and effect of an Order of this Court.

8. All claims set forth in *Ori v. Fifth Third Bank and Fiserv, Inc.*, including those of Elaine Baird, whose separate action was consolidated into the Action by prior Order of this Court, are dismissed with prejudice upon entry of this Judgment.

9. By entry of this Judgment Order, each Settlement Class member shall, as set forth below, have fully released and forever discharged Defendants, any past or present parent, affiliate, or sister company of Fiserv or Fifth Third, any past and present direct or indirect subsidiary of Fiserv or Fifth Third, any successor and/or assign of Fiserv or Fifth Third, and all of the past and present employees, agents, representatives, attorneys, insurers, officers, and directors of each of them, of and from any and all rights, claims, actions, causes of action, demands and remedies, known or unknown, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to in any way the conduct, omissions, duties or matters alleged or that could have been alleged in the Complaints, provided such claims result from, arise out of, or are based in any way upon the furnishing of information about R-G Crown and/or Fifth Third mortgage loan accounts to Consumer Reporting Agencies.

10. The Court has reviewed Co-Lead Settlement Class Counsel's petition for attorneys' fees, costs, expenses, and an incentive award. The Court hereby awards attorneys' fees in the amount of $1,125,000, costs and expenses in the amount of $25,000, and an incentive award in the amount of $5,000 to Representative Plaintiff, Keith Ori. These amounts shall be distributed in accordance with the terms of the Settlement Agreement. The Court authorizes Co-

Lead Settlement Class Counsel to allocate and distribute said amounts in their sole discretion to be reasonably applied. Any dispute concerning said allocations shall be resolved by this Court.

11. The Settling Parties have stipulated and the Court has determined that the Court's decision to grant final approval of the settlement is separate from the issues raised by Co-Lead Settlement Class Counsel's petition for attorneys' fees, costs, expenses, and the Representative Plaintiff's incentive award.

12. Without affecting the finality if this Judgment in any way, the Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

13. In the event that the Effective Date does not occur, as provided in the Settlement Agreement, this Order of Judgment and all Orders entered in connection with it or the Settlement Agreement shall be rendered null and void and shall be vacated.

SO ORDERED.

Dated: January 10, 2012.  s/_____
Hon. Lynn Adelman
United States District Court Judge